FILED
2007 SEP 20  AM 8: 30
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ xo _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PONANI N. SUKUMAR, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>DIRECT FOCUS, INC., a Washington corporation; NAUTILUS INDUSTRIES, INC., a Virginia corporation; NAUTILUS HPS INC.; NAUTILUS, INC.; NAUTILUS FITNESS PRODUCTS, INC.,<br><br>    Defendants. | CASE NO. 00 CV 0304 LAB (AJB)<br><br>[JOINT PROPOSED] ORDER APPOINTING SPECIAL MASTER<br><br>[DKT NO. 216] |

sd-391976

[JOINT PROPOSED] ORDER APPOINTING SPECIAL MASTER

The Court, having determined that a special master should be appointed regarding compliance with its Judgment After Trial, which was entered on December 8, 2004 and is attached hereto as Exhibit 1 (the "Judgment"), and overruling the objections to a special master invoked by plaintiff Ponani Sukumar ("Mr. Sukumar"), the Court orders as follows:

## I.   APPOINTMENT OF SPECIAL MASTER

The Court hereby confirms its appointment of Justice Howard B. Wiener (Retired), 501 W. Broadway, 19th Floor, San Diego, CA 92101, as Special Master in this case pursuant to Federal Rule of Civil Procedure 53.

## II.   SCOPE OF DUTIES

The Special Master shall determine compliance with the Judgment by defendants Direct Focus, Inc., Nautilus Industries, Inc., Nautilus HPS Inc., Nautilus Inc. and Nautilus Fitness Products, Inc. (collectively, "Nautilus"). The Special Master shall engage in any necessary fact finding to determine such compliance, including inspection of the equipment subject to the Judgment, accepting evidence from the parties, conducting hearings if required, and any and all powers under Rule 53(c) that the Special Master deems necessary to exercise in order to issue a fully informed report and recommendation to this Court regarding the state of compliance with the Judgment, whether further relief incident to the Judgment is required, and whether further measures are necessary to secure compliance with the Judgment. Should the Special Master determine that he requires independent expert assistance, the Special Master is empowered to retain such assistance at the parties' expense, which shall be shared equally.

## III.   EX PARTE COMMUNICATIONS

With the exception of non-substantive communications (e.g., scheduling), the Special Master shall not communicate *ex parte* with either party. Each party shall be afforded the opportunity to participate in all communications that take place between the Special Master and (1) either party, (2) the Court, or (3) any third party the Special Master decides to contact in connection with this matter. Each party retains the right to forego its participation in a particular communication for any reason and shall state this intent to the Special Master and the other participating party.

### IV. PRESERVATION OF MATERIALS

All writings of any nature whatsoever created by the Special Master or those employed by him in performing his duties under the terms of this Order shall be preserved by the Special Master. "Writings" include, but are not limited to, correspondence, memorandum, records, reports, summaries or records of telephone conversations, work papers, drafts, copies, notes, marginal notations, bills, invoices, checks, photographs, computer tape, disks, emails, or other computer storage media, electronic or magnetic storage media, and all other printed, recorded or photographic matter or sound reproductions. The Court and either party may request that any of these writings be produced for inspection.

### V. SCHEDULE FOR PREPARING REPORT AND RECOMMENDATION, OBJECTIONS AND *DE NOVO* HEARING

Pursuant to Rule 53(f), the Special Master shall file his Report and Recommendation regarding this Appointment by **November 16, 2007**.

Any objections to the Special Master's Report and Recommendation, or motion to adopt or modify the Report and Recommendation, shall be filed by **November 26, 2007**, rather than pursuant to the time period provided for in Rule 53(g).

Responses by the parties to any objections or motions to adopt or modify the Special Master's Report and Recommendation shall be filed by **December 3, 2007**.

The Court shall hear any motion to adopt or modify the Special Master's Report and Recommendation, and decide all objections to the Report and Recommendation under Rule 53(g)(3)-(5), on **December 10, 2007 at 11:30 a.m.**

### VI. PAYMENT OF SPECIAL MASTER'S COMPENSATION

The Special Master's compensation shall be allocated equally between the parties for the purposes of regular invoicing and payment. Each party shall promptly pay one-half of each invoice issued by the Special Master. Should the Special Master retain independent expert assistance pursuant to Section II, *supra*, the parties shall also promptly pay one-half of each invoice issued by any and all experts retained by the Special Master.

The Court reserves the right to adjust responsibility for the compensation paid to the Special Master and any experts retained by the Special Master, in whole or in part, should it find that one side or the other has failed to proceed in good faith with respect to the positions advanced before the Special Master. The Court will make a determination as to the good faith of the parties at the *de novo* hearing scheduled on December 10, 2007, and reflect any adjustment warranted as part of a sanctions award in its order acting on the Special Master's Report and Recommendation.

## VII.   GROUNDS FOR DISQUALIFICATION

Pursuant to Rule 53(b)(3), a Special Master must file an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455. The Special Master shall conduct a conflicts check as soon as practicable to determine prior retentions by or against Mr. Sukumar, Nautilus, the current law firms of the parties (Morrison & Foerster LLP, and Koeller, Nebeker, Carlson & Haluck LLP) or prior law firms appearing for the parties (Sparber Rudolph Annen, APLC, and Neil Dymott PLC), and advise the parties of the result of that search as part of the required affidavit. The Special Master shall file his Rule 53(b)(3) affidavit regarding any grounds for disqualification under Section 455 within seven (7) days of the date of this Order. Any party objecting to the appointment based upon information in the affidavit must file such objection within three (3) days of the date the Rule 53(b)(3) affidavit is filed or any such objection is waived.

**IT IS SO ORDERED.**

Dated: September 18, 2007

By: /s/ Larry A. Burns
Honorable Larry Alan Burns
United States District Judge